Good morning. Good morning to the honorable panel. Thank you for hearing me today. My name is Matthew G. Holt. I'm here for the petitioners. Based on the record before the immigration judge and us today, the immigration judge clearly and inexplicably assigned an incorrect particular social group instead of developing the record by requesting the petitioners delineate the particular social group themselves. Doing as he did, deprive the petitioners of a full and fair hearing, thereby violating their due process. Alternatively, but related... So she had counsel there. Did counsel object or say anything when the IJ read the order in the immigration courts for many, many times that after the decision has been read aloud, which is one of the hardest things the immigration judges have to do, the oral decision, that issues are reserved for appeal at that point. I would think that if it was the wrong social group, counsel would say something. That's pretty key to the analysis. Yes, but I think key to the analysis would have been the immigration judge themselves asking in the first place what the social group was because the Board of Immigration Appeals had said in January of 2018, 11 months before this case was decided, that the particular social group needed to be delineated before the decision and that the immigration judge had a responsibility to ensure that the specific grouping analyzed was included in their decision. But who would know better than the people that are involved? I guess I would say, I think you claim that the law has changed, but at best, while the agency may have vacillated on whether a family can be a PSG, has it ever held that a family could not be a PSG? I don't think it has. There is a period of time between LEA 1 and LEA 2, which then got held and then remanded in 2021. There was a time where it appeared that the Department of Justice would not accept family or nuclear families. It was three days after the IJ already issued its decision because LEA 1, which said that family can serve as a basis of PSG, was May of 2017. This hearing before the IJ and IJ's decision was July 26 of 2019. It was only until July 29, so three days later, that LEA 2 came out saying family groups are not PSGs. So at the time of this hearing, petitioners council could have argued for a family-based PSG based on LEA 1, which had been issued two years before. Well, LEA 2 came in and then it got held and then it was vacated and returned to LEA 1, but that wasn't until 2021. Let me ask you this, counsel, because it's not clear to me your motion for remand. Do you intend for that to be read as a motion to reopen, a motion for reconsideration, or both? Because given the references to the IJ failed to develop the record, that reads to me like a motion to reopen. I wasn't the attorney at the Immigration Court. I was not the attorney at the Board of Immigration Appeals. But what's your position on how this reads? Your opening brief, if I understand it correctly, essentially says that the law as to family-based group was in flux, and when it got settled, you sought a remand. But the problem is, I'm reading the motion for remand, if it is to be characterized as a motion for reconsideration, there's no reference to a matter of LEA. No, there's not. I think, and the attorney that wrote the motion to remand is now an immigration judge, and I have court with him next week, and I want to be careful how I speak. I would not have handled this the same way. I would have been very clear about what the social group was from the beginning. They chose to, after- I think that's the difficulty that we're struggling with, right? I'm sure you can appreciate that motion for reconsideration is different than a motion to reopen, and normally it basically cites to the law that got changed, assuming, you know, getting past Judge Cole's questions, assuming that there was a change in the law, and you want to take advantage of that, the law requires that the basis for reconsideration be laid out. And so, as I read this, I'm like, this is not a reconsideration motion based on a change in the law at all, because there's no reference to the purported change in the law. So what do we do with that? You're right. My motions to remand typically come with new evidence, or something new, or something compelling. Here, instead of filing a BIA appeal brief, which the attorney had indicated they would, they instead filed this remand because they believed that the lower court had mischaracterized the social group by failing to account- But is there any new evidence, or previously undiscovered evidence that's being offered here? I've repeatedly spoken with the petitioner. There is not new evidence at this time. If there was, that would be a separate motion to reopen to the board, and not before this court. And the reason this motion to remand looks like a motion to reopen to me is that the very first sentence asked to remand her case to the immigration judge to fully develop the record. And so, it's further opening up evidentiary hearing, taking in more evidence to develop the record. So that's not a reconsideration, is it? No. I would consider it more as a improperly phrased brief of addressing, this is the issue that we want to get back in front of the judge for further fact-finding. And I think that that's what they were trying to do. So, given that, how do we fault the BIA for the way they construed this motion as a reopening motion, but not accompanied by any additional facts that would be presented before the IJ? I'm suspicious of how that was phrased by the board, because the board did invite further discussion. During the time where prosecutorial discretion was more robustly applied through the Department of Justice, they were issuing notices, and there's a notice in this file regarding prosecutorial discretion, if anything else had changed, if anything else wanted to be filed. So, it appears that the board was willing to accept filings all the way up until they issued that notice in 2024. Here's my problem, and I'm just going to put it out plainly. I don't know how the BIA could have done anything differently there, but it looks like to me that your client lost, put on a case, lost, and now basically what your client's asking for is a redo. I'd like to try again, because what I did first didn't work, and you're not giving me any good reason for that. I'm not seeing an error as far as that goes. So, that's, you know, of course, it's not, and I'm not really seeing any path for relief for your particular client. Anyway, I tried to look at it. So, to be clear, and the reason why we want this case remanded for further fact-finding is because we believe it was improper for the immigration judge to construct a social group that the respondent did not advocate for, the respondent's attorney did not advocate for. We want it remanded because we don't believe that immigration judges should take on the role of advocate and create their own social group. How did, you know, I read this hearing transcript, and I just don't see how any of the cases you cite are implicated here because she was counseled. She specifically testified multiple times that her husband was targeted because he had money. She said that if she and her daughter went back to Guatemala, they would be targeted because they were perceived to have money, having come from the United States. I'm just unclear, and she said, I've had no contact with my husband. He is the primary one to apply for asylum, but he returned to Guatemala because his mom was sick, and he's been there since February of 2018. I've had no contact with him. So, I just, I mean, I understand petitioner would like to pin the blame on the IJ, but there's a lot of case law that says as soon as the petitioner testifies such that the petitioner's ineligible for relief, the IJ doesn't have to do anything else, and that's the way this testimony reads. There's no nexus here to a PSG. It's not even clear that she's a member of a PSG. She has no contact with the only person that was extorted for money. It seems to me that the panel wants to place the onus on a woman who had a sixth grade education. She has counsel. She has counsel. All the cases you cited are pro se litigants. They're pro se litigants, and it doesn't say that the IJ gets transformed into counsel for the applicant. It says you can explore relevant facts. You can provide an opportunity, a reasonable opportunity to present your own narrative, and I guess I don't, from this hearing transcript, tell me where she was precluded from providing a reasonable opportunity to provide her own narrative or where the IJ didn't ask for relevant facts. The immigration judge didn't ask what the social group was and didn't take into account the asylum application lists the motive. It lists why they were targeted before. It lists why she's afraid to go back. The immigration judge failed, completely failed, to consider the future harm argument from the IJ. Right, but in her declaration she says that she fears that the gang will assume we have money because we're returning from the U.S. I suppose if you really scour the record and, you know, inference after inference, then you could sort of read a family based group there, but the more obvious PSG is a wealth-based PSG, and that's what the IJ went with, and counsel didn't say anything about it. They weren't wealthy then. They're not wealthy now. They're not perceived to be wealthy. They just had money, he had money in his pockets, but the I-589, the asylum application itself says, I fear the Las Chapas gang will kill us for not paying the extortion money and leaving. Well, isn't that nexus then to criminal gain for extortion money? That's not, I mean, I'm looking at, this is her own counsel's examination. Are you afraid of returning to Guatemala? Yes. Why? It's, she specifically says because they knew that perhaps we would be coming Well, I think that if they know that we are here in the United States, they will think that we have money, a lot of money. Is there any other reason you believe they went after your husband? No, just for the money. I mean, these are her own counsel's examination questions that she repeatedly says, you know, he thought they had money and they wanted him to give money. Why did the gang extort your husband? That was her answer. So it's like repeatedly throughout here, the nexus is not to a family-based PSG. It is a simple trial transcript, very simple in my opinion, too simple in my opinion, which is why I believe it should be remanded. But I want this court to please consider that the immigration judges should have a duty to develop the record in all cases, not just pro se cases, like the Fourth Circuit did. The Fourth Circuit said all cases, the immigration judges have a duty in all cases to develop the record. Well, it seems like you're asking that the IJ develop the record in a winning way, and that's different than developed. I don't see anything here that requires that, but let me find out. You're over your time. Let me find out if my colleagues have any additional questions. Thank you. All right. They don't. I'll give you one minute on rebuttal, even though we've already gone over. Thank you. All right. We'll hear from the government. Thank you, Your Honor. Zachary Hughbanks for the respondent and may it please the court. These consolidated petitions should be denied because the board did not err in declining to remand proceedings to give petitioner a second opportunity, a second bite at the apple to present a legal argument that she could have made before the immigration judge but did not, despite being represented by counsel. First, as Your Honors have noted, the board correctly recognized that despite filing a motion to remand, which follows the same constructions as a motion to reopen, the petitioner did not present any new or reasonably unavailable evidence in support of this new legal argument. And second, independently dispositive, the board recognized that petitioner did not demonstrate a reasonable likelihood of success because. Counsel, what do you make of the argument that there was a change in the law that the family-based PSG was in flux and then a matter of LEA came out? I know that we had discussed with counsel the fact that the motion to remand really reads more like a motion to reopen for additional factual development, but in the briefing waiver, its petitioner was much more specific about the need to develop the record as to a family-based PSG citing to LEA-3. Yes, Your Honor, I do acknowledge that before the board petitioners did reference matter of LEA-3, I will acknowledge that in the briefing waiver, as you said. But I disagree that this is the agency's, the Attorney General's evolving understanding of family-based claims represents a change of law, much less some kind of fundamental change of law that may warrant reopening, remand, reconsideration, however you want to describe it. And there's multiple reasons for that. Let me ask you, how does that actually work? Because LEA-1 is May 24, 2017, and it says, we agree with the parties that the members of an immediate family may constitute a particular social group. So LEA-1 was in favor of the petitioner, and it was decided more than two years before her hearing and before the IJ decision. If anything, the law got worse after her hearing. So I'm unclear on why this is a change in the law that created new opportunities for this petitioner to make new legal arguments. She had the law in her favor. Remember, 2017, this was during the Biden administration. No, it was not. It was not. It was not. It was not. But this law was in her favor, and then it only got changed in 2019 after the IJ decision. Your Honor, I completely agree. And as we note in our brief, even separate from agency precedent, this court has considered family still as a quintessential particular social group. That's Rios versus Lynch. And I believe it cites Sanchez-Trujillo versus the INS, which is from 1986. This court has a long reign of precedent. And as Your Honor just noted, even to my colleague on their side's point of the interim order staying LEA-1, that was still the most relevant precedent. And there's this bevy of Ninth Circuit precedent that helped her. So I don't fully understand when matter of LEA-2 did not come out until after the IJ's decision and matter of LEA-2 itself did not foreclose the possibility of a family claim, it was always petitioner's burden to present this argument. And she could have, regardless of the law, but as Your Honor noted, the law was more favorable to her at her hearing than it would have been days later. In your view, is there, you know, I think obviously we don't like to be hard-hearted in the way that if someone really does have a path to relief and they're, it's somehow present. Is there, do you see that in this record at all? Respectfully, no, Your Honor, because as the board noted, when petitioner can't demonstrate this reasonable likelihood of success because of the immigration judge's nexus finding. So petitioner could have presented several particular social groups or other protected grounds. None of those get past the immigration judge's fact-finding based off petitioner's own testimony of why she feared returning to Guatemala and this court has precedent that being a returning immigrant or being someone who's perceived to have access to money or wealth, that doesn't give rise to protection under our immigration laws. Again, I do not want to sound cold-hearted myself, but with that immigration judge's finding, there doesn't, petitioner's arguments wouldn't get there and that's what the board recognized by saying there's no reasonable likelihood of success even with this new legal argument. But if we construe what she filed her motion as a motion for reconsideration, then we have to reverse. Because then that was error to treat it as a motion to reopen. I think that would be taking an argument that petitioner didn't fully advance in the briefing, Your Honor. I don't, I don't think the court should sua sponte, find, re-characterize. It's in a waiver briefing. Why isn't that enough? Well, I think the board adequately responds to the LEA arguments and that's kind of the due process issue. I don't think the board needed to do a separate analyses considering this as a motion to reconsider, especially, again, with the context, this wasn't a final board decision she was seeking to reconsider. What petitioner wanted is a second bite at the apple to create a new. But where does the board talk about LEA? I don't see it at all. I don't think the board had to address LEA specifically. I'm saying petitioner's argument at bottom is that she wanted to create a new particular social group. So again, she may bring out this new precedent, but that doesn't get her anywhere. And I think that's, I think the board construed that a little bit in the due process analysis as well, is there's no error and there's no prejudice here. So I think it's all wrapped together. And again, even if we try to reconstitute this motion now, despite petitioner not particularly advancing this theory before this court, it doesn't get petitioner anywhere. Even if we, it would be, frankly, almost futile, if we send it back to the board, change how you view this motion, given all the context of at the IJ hearing, the law was incredibly favorable to her and matter of LEA too hadn't coming out, had not come out yet, Your Honor. If there are no further questions, the government would rest on our brief. I don't think we have any further questions. All right. Thank you. Thank you, Your Honors. So there were eight months between when LEA-1 was automatically stayed and when the petitioners had their individual hearing. It was a few days later that it was vacated. And then approximately one month after the 2021 decision in LEA, they filed the motion. That would seem to be a motion based on this change in law or this clarification of the law. I don't think they want another bite at the apple. I think they want one bite at the apple. They just want to be able to say what their social group is and not have an immigration judge decide it for them. And that's whether they had an attorney that was doing their job or not. Sometimes attorneys aren't perfect. Attorneys make mistakes and sometimes judges do too. And this is an opportunity for us to right that wrong, send it back down, give them an opportunity to say that the nuclear family group is a social group that should be considered. All right. Thank you for your time. This court is in recess. All rise. This court for this session stands adjourned.
judges: CALLAHAN, NGUYEN, KOH